**Counsel Listed on Signature Page**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SILICON IMAGE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ANALOGIX SEMICONDUCTOR, INC., a Delaware corporation,<br><br>    Defendant. | Case No. C 07-00635 JCS<br><br>**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** |

To facilitate discovery and, pursuant to Federal Rule of Civil Procedure 26(c), to protect the confidentiality of and rights to information and documents disclosed in connection with this litigation, the parties hereby stipulate to the following:

1.    ***Applicability of This Protective Order.***  All information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action shall be governed by this Protective Order.

2.    ***Use of Information Produced Pursuant to This Order.***  Information and material produced or exchanged in discovery in this case and designated by a party or non-party as "Confidential" or "Confidential – Outside Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereafter, "Confidential Material") shall not be made available to any person or entity except as authorized under this Protective Order.  Confidential Material shall be used, by

the party or parties to whom the information is produced, solely for the purpose of litigating the above-captioned action, and not for any business, competitive or other purpose. Unless otherwise provided in this Protective Order, agreed in writing by the producing party or so ordered by a court, such information and material shall not either (1) be disclosed to any other person or entity or (2) be used or disclosed for any other use or purpose. For purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is defined as the "Designating Party." Nothing contained in this Protective Order shall affect the right of a Designating Party to disclose or use its own Confidential Material for any purpose. Nothing in this Protective Order shall limit or bar any attorney from rendering advise or counsel to his or her client with respect to this litigation or, in the connection with rendering such advise or counsel, from conveying such attorney's evaluation or assessment of Confidential Material, provided that, such conveyance, advise, or counsel does not disclose the contents of any Confidential Material produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

3.    ***Designation of Confidential Materials.***  A party or non-party may designate Confidential Materials with one of the following Confidential Designations:

(a)    ***Confidential Information Designation.***  A party or non-party may designate as "Confidential" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is or contains confidential technical, research, development, proprietary, financial, or commercial information of the Designating Party, or personal information or information furnished to the Designating Party in confidence by any third-party.

(b)    ***Confidential – Outside Attorneys' Eyes Only Designation.***  A party or non-party may designate as "Confidential – Outside Attorneys' Eyes Only" any document, material, item, deposition testimony, or information that is filed with the Court or produced in discovery in this action and is or contains highly confidential financial, commercial, proprietary, marketing, research, development, or technical information (including but not limited to source code, register maps and detailed nonpublic financial information) of the Designating Party (or of

1    a third-party and in the possession of the Designating Party), the disclosure of which, to persons

2    other than those described in paragraphs 7(a), 7(b), 7(c), 7(d), 7(e), 7(g) or 7(h) below, the

3    Designating Party in good faith believes would be of value to a competitor or potential competitor

4    of the party or nonparty holding the proprietary rights thereto.

5         4.      ***Patenting and Patent Protected Persons***

6              (a)      "Patenting" shall mean and include:

7                   (i)      preparing and/or prosecuting any patent application (or portion

8    thereof), whether design or utility, and either in the United States or abroad (and including

9    applications filed under the Patent Cooperation Treaty) relating to "Confidential – Outside

10   Attorneys' Eyes Only" Confidential Material received in this litigation that relates to the field of

11   architecture and semiconductor implementations for storage, distribution and presentation of

12   high-definition content;

13                  (ii)      preparing patent claim(s) relating to "Confidential – Outside

14   Attorneys' Eyes Only" Confidential Material received in this litigation that relates to the field as

15   defined in (i) above;

16                  (iii)      providing advice, counsel or suggestion regarding, or in any other

17   way influencing, claim scope and/or language, embodiment(s) for claim coverage, claim(s) for

18   prosecution, or products or processes for coverage by claim(s) relating to "Confidential – Outside

19   Attorneys' Eyes Only" Confidential Material received in this litigation that relates to the field as

20   defined in (i) above; and

21                  (iv)      assisting, consulting with, supervising, and/or providing counsel to

22   anyone in connection with doing any of the foregoing.

23              (b)      The "Patent Protected Persons" for a party shall mean and include any and

24   all persons involved, either directly or indirectly, with Patenting any application where any right,

25   title or interest in the application are owned by such party and/or there exists an obligation to

26   transfer rights in the application to the party, and includes, but is not limited to, any person who is

27   an inventor for any party of any method, apparatus or other invention that is or is anticipated to be

28   the subject of a patent or application therefor.  Patent Protected Persons specifically includes, but

is not limited to, all individuals associated with the filing or prosecution of the patent application

within the meaning of 37 C.F.R. 1.56. "Party" as used herein shall include affiliates, parents,

subsidiaries, and other entities which are under common ownership and control.

     5.     ***Designating and Marking Confidential Material.*** Confidential Material shall be

designated and marked as follows:

     (a)     A document is to be designated as Confidential Material by stamping or

writing on it one of the following legends, or an equivalent thereof: "Confidential" or

"Confidential – Outside Attorneys' Eyes Only." Whichever legend is used shall be placed on the

first page of the document and on each page that the Designating Party claims to contain

Confidential Material.

     (b)     A physical device is to be designated as Confidential Material by stamping

or writing on it or on the packaging enclosing it one of the legends specified in subsection 5(a)

above.

     (c)     Information or material produced digitally, *e.g*., on a magnetic or optical

medium or by network communication, is to be designated as Confidential Material by marking

the medium, container or communication with one of the legends specified in subsection 5(a)

above. If any person or entity who receives such a designated medium prints or otherwise

transfers to another medium any of the information, any resulting document or other medium

shall be marked by that person or entity as Confidential Material in accordance with

subsection 5(a) above or this subsection 5(b).

     (d)     A physical exhibit, including but not limited to any electronic file or

document printed for use at a deposition, in a court proceeding, or for provision to a qualified

expert, is to be designated as Confidential Material by affixing to it a label with one of the

legends specified in subsection 5(a) above.

     (e)     A discovery response is to be designated as Confidential Material by

placing, on the first page of the set of responses and on each page that contains information that

the Designating Party claims to be Confidential Material, one of the legends specified in

subsection 5(a) above.

(f)      Portions or the entirety of a deposition transcript (including exhibits) are to be designated as Confidential Material (1) by making a statement to that effect on the record, during the deposition, or (2) by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, on or before ten (10) business days after counsel for the Designating Party receives the final deposition transcript, a letter or other written notice designating the portions or entirety of the transcript with a Confidential Designation.  The letter or other notice shall cite this Protective Order, identify the appropriate level of confidentiality, and, if available, identify the pages and lines, and/or exhibits, to be Confidential Material.  Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subparagraph 5(a) above indicating the level of confidentiality claimed by the Designating Party and shall be governed by the terms of this Protective Order.  Unless the parties agree differently, the entire transcript shall be treated as containing Confidential – Outside Attorneys' Eyes Only Material until ten (10) business days after counsel for the Designating Party receives the final deposition transcript, at which point the transcript will no longer be treated as confidential unless a Designating Party has designated in writing the portions or entirety of the transcript as "Confidential" or "Confidential – Outside Attorneys' Eyes Only."

If a deposition or portion thereof is designated on the record, during the deposition, with one of the Confidential Designations, the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order.  The court reporter or videographer shall separately bind any portion of the transcript of the deposition or hearing that has been designated to contain Confidential Material.  Copies of the separately bound portions of the transcript containing Confidential Material may be provided only to persons permitted by the provisions of this Protective Order to receive such Confidential Material.  When any such separately bound portion of the transcript is provided by the court reporter or videographer, it shall be provided in a separate, sealed envelope.

6.      ***Inadvertent Misdesignation.***  A Designating Party that inadvertently fails to mark an item with one of the Confidential Designations or marks an item with an incorrect designation

of confidentiality at the time of the production shall have 15 days after learning of the inadvertent failure or mistake to correct its failure or mistake.  The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material.  Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof and confirm in writing to the Designating Party such return or destruction.

7.    ***Disclosure of Information Designated Confidential.***  Documents, materials, items, testimony or information designated Confidential pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons, provided that (1) such persons are not Patent Protected Persons for the receiving party, and (2) such persons, during the pendency of this litigation and for two years after the conclusion thereof, including any appeals, do not participate in any Patenting:

(a)    Retained outside counsel of record to any party to this litigation, and employees, contractors, or vendors of such outside counsel (or such counsel's law firm) who work under the supervision of, and support such counsel, and have no financial interest in the outcome of the case;

(b)    Independent consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation, provided that each such person is not a member, officer, director, or employee of or for the receiving party or any other party that is a competitor of the producing party, and provided that each such person:

(i)    executes a copy of the Certification attached to this Order as Exhibit A;

(ii)    has been previously approved pursuant to the procedure in paragraph 11(a), below;

(iii)    is not presently engaged in Patenting and shall not engage in any Patenting during the pendency of this litigation, including any appeals therefrom, and for a period of two years thereafter.

       (c)    Deposition witnesses, where at least one of the following conditions applies:

           (i)    The witness is/was an employee of the Designating Party when the disclosure is made or at the time Confidential Material was created;

           (ii)    the attorney taking the deposition and showing the witness the Confidential Material represents the Designating Party;

           (iii)    the witness's name appears on the Confidential Material as a person who has previously seen or received the Confidential Material, or it is otherwise established that the witness has previously seen, received, or had access to the Confidential Material or knows the information contained within it;

           (iv)    the Designating Party has consented on the record of the deposition or in writing prior to the deposition to the showing of the Confidential Material to the witness; or

       (d)    The Court in this proceeding, Court personnel, and Court reporters;

       (e)    Litigation support services, including independent document copiers, graphic artists and jury consultants who have an obligation to keep such information confidential;

       (f)    Any named party to the litigation, including any present or former employee thereof to whom it is necessary that the material be shown for purposes of this litigation, but only if such person is not involved, directly or indirectly, in Patenting (for example, an inventor for any party of any method, apparatus or other invention that is or could be the subject of a patent);

       (g)    Mock Jurors or Focus Group Members engaged by a jury consultant in preparation for trial, provided that:

           (i)    No such persons are officers, directors, or employees of any of the parties to this action or of any direct competitors of the parties;

           (ii)    That any such persons shall first agree in writing to be bound by this Protective Order (by signing the nondisclosure agreement attached hereto as Exhibit B or other Certification with equivalent terms);

(iii)     Such agreements be retained under the control of counsel until final termination of these actions; and

(iv)     Upon final termination of these actions and at the written request of the person or entity designating or producing such disclosed information, all such executed agreements by mock jurors and focus group members to whom such materials have been disclosed shall be provided upon request to counsel of record for the person or entity that designated or produced such materials.

(h)     Any other person as to whom the Designating Party first agrees in writing.

8.     ***Disclosure of Information Designated Confidential – Outside Attorneys' Eyes Only.***  Documents, materials, items, testimony or information designated Confidential – Outside Attorneys' Eyes Only pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons, provided that (1) such persons are not Patent Protected Persons for the receiving party, and (2) such persons, during the pendency of this litigation and for two years after the conclusion thereof, including any appeals, do not participate in any Patenting:  the persons described in paragraphs 7(a), 7(b), 7(c), 7(d), 7(e), 7(g) or 7(h).

9.     ***Protections for Parties' Source Code.***  All source code produced by a party to this suit pursuant to pretrial discovery shall be subject to the same restrictions as information designated as Highly Confidential – Outside Attorneys' Eyes Only, provided that such party designates such source code as Highly Confidential – Outside Attorneys' Eyes Only – Source Code.  In addition, the following restrictions shall apply to source code designated by a party to this suit as Highly Confidential – Outside Attorneys' Eyes Only – Source Code:

(a)     A single electronic copy of source code or executable code shall be produced to the outside counsel of record for the receiving party.  The produced electronic copy may be in an encrypted form and the producing party must provide the receiving party with specific decryption instructions and a decryption software application, if such application is necessary, for decoding the code.

(b)     Except as provided in paragraph 9(d)(ii) below, such electronic copy may only be installed on a single stand-alone non-networked desktop computer in such outside counsel's offices and may not be removed from those offices except to the extent it may be temporarily stored at the site where any deposition related to the information is being taken, the courthouse, or any intermediate location reasonably necessary to transport the material to the site of a deposition or the courthouse (*e.g.*, a hotel prior to the deposition).  The received electronic copy and all temporary copies must be stored in an encrypted form with such encryption protocol designed to limit access to those persons designated under this Order.

(c)     The stand-alone computer and any other computer with temporary copies of the code shall be equipped with a password protection/lockout/screen saver function having a "timeout" period of ten (10) minutes or less; the password for such function shall be known only to those people who are allowed to have access to the code in accordance with this Order.

(d)     Other than prescribed in this Protective Order, source code may not be printed or copied without the agreement of the producing party or further order of the Court, except:

(i)     hard copies of a source code file or excerpts of a source code file may be made to the extent necessary for the persons allowed access to "Highly Confidential – Outside Attorneys' Eyes Only" information under paragraph 8, provided that material printed from the source code production shall be marked "Highly Confidential – Outside Attorneys' Eyes Only – Source Code";

(ii)     one electronic copy may be made for, and held at the offices of, each expert subject to the requirements of paragraphs 7 and 11 hereof, provided that any electronic, magnetic or other machine-readable copy is protected by encryption.  Such copies shall be treated as set forth herein;

(iii)     volatile copies necessarily made in the course of loading, accessing, and analyzing the source code on the non-networked computer, may be made without prior consent of the providing party.

(e)     Under no circumstances may material designated "Highly Confidential – Outside Attorneys' Eyes Only – Source Code" be transmitted electronically, *e.g.*, via modem, network or the Internet, by or at the direction of anyone including counsel or an expert or consultant for the receiving party.

10.     ***Protests of Designation of Confidential Material.***  Protests of the designation of Confidential Material will occur only as follows:

(a)     If a party believes that material bearing a Confidential Designation is not in fact the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Order, then such party shall provide to the Designating Party written notice of this disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.

(b)     If the parties are unable to resolve their dispute, then the party challenging the designation may request appropriate relief from the Court.  It shall be the burden of the Designating Party to establish that the contested material is confidential.  In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

11.     ***Procedure for Qualifying Independent Experts and Consultants.***  In order for an independent expert or consultant to be permitted access to materials bearing a Confidential Designation the counsel of the party employing the expert or consultant must notify in writing the Designating Party or parties, at least ten (10) business days before allowing such access (or such shorter period to which the Designating Party agrees in writing).  The identification of an expert or consultant pursuant to this Order shall not be construed as the identification of an expert trial witness under Federal Rule 26(a)(2), and shall not constitute a waiver of attorney work-product protection or the attorney-client privilege.

(a)     *Contents of the Written Notification:*  Such written notice shall include the following:  (1) The name of the expert or consultant; (2) The present employer and title of the expert or consultant; (3) A copy of a Certification (attached hereto as Exhibit A) signed by the expert or consultant that states that the expert or consultant has read and understood the terms of

1  this Order and agrees to be bound by its terms; (4) a current *curriculum vitae* that lists all

2  employers and clients to whom the expert or consultant has provided services in the past five (5)

3  years, cases in which the expert or consultant has testified as an expert at trial or by deposition in

4  litigation relating to semiconductor technology at any time, and all cases in which the expert or

5  consultant has testified as an expert at trial or by deposition within the past five (5) years.

6        (b)    *Objections by Disclosing Parties:*  Before the ten (10) business day period

7  from the receipt of the written notification has expired, a Designating Party may object in writing

8  to the disclosure of materials bearing a Confidential Designation to the expert or consultant in

9  question.  Should a Designating Party so object, no material bearing a Confidential Designation

10  that is the subject of the Designating Party's objection shall be disclosed to the expert or

11  consultant in question until the objection has been resolved by the parties or by the Court.

12      12.    ***Use of Confidential Material by Designating Party.***  Nothing in this Protective

13  Order limits a party's ability to show materials which that party has designated with a

14  Confidential Designation to whomever the Designating Party may deem appropriate.  Further,

15  nothing in this Protective Order limits a party's ability to show materials designated by another

16  party with a Confidential Designation to that Designating Party, including any present officer,

17  director, employee, or representative thereof.

18      13.    ***Jurisdiction.***  Each person receiving Confidential Material under the terms of this

19  Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for

20  purposes of any proceedings relating to the performance under, compliance with, or violation of

21  this Protective Order.

22      14.    ***Protecting Confidential Materials.***  Each person who receives any Confidential

23  Material shall exercise due and proper care, in connection with the storage, custody, use, and

24  dissemination of such material, to avoid any intentional or inadvertent disclosure to persons to

25  whom disclosure is not permitted under this Protective Order.

26      15.    ***Confidential Materials to Be Filed Under Seal.***  Any Confidential Material

27  designated with a Confidential Designation that is to be filed with a Court in connection with any

28  proceedings herein, shall be filed with the clerk of the Court in accordance with the Court's then

1    subsisting procedures therefor.  Unless proscribed, the heading, case caption, case number, and

2    document title must be prominently marked on the front of a sealed envelope with the

3    Confidential Material in addition to the following legend:

**CONFIDENTIAL – FILED UNDER SEAL**

**SUBJECT TO A PROTECTIVE ORDER**

6        16.    ***Information Protected by Privilege, Work Product, or Other Doctrine.***  The

7    inadvertent production of any document or other materials or information which the producing

8    party contends is subject to the attorney-client privilege, work-product protection, or any other

9    privilege or protection against discovery shall not necessarily be deemed a waiver in whole or in

10   part of the claim of privilege or protection, either as to the specific document or the information

11   disclosed or as to any other document or information relating thereto.  Within a reasonable time

12   after the discovery of the inadvertent production, the producing party shall give notice to the

13   receiving party that privileged documents or information have been inadvertently produced or

14   disclosed and request the return of such documents.  Any document or portion of transcript,

15   including all copies thereof, constituting or containing information as to which notice of

16   inadvertent production is given shall be returned to the producing party within fifteen (15) days of

17   such demand.  If the receiving party objects to the claim of privilege, the claim of inadvertent

18   production and/or the reasonableness of the notice given, the receiving party and the producing

19   party shall attempt to resolve the dispute.  If the dispute is not resolved, the receiving party may

20   move the Court to compel the re-production of the document(s) at issue.  From the time of the

21   producing party's notification of inadvertent production, any documents or information as to

22   which notice is given shall be deemed and treated as privileged and shall not be used for any

23   purpose until the Court enters an order ruling otherwise, or until the receiving party and the

24   producing party otherwise agree.

25       17.    ***Conclusion of Litigation.***  All provisions of this Protective Order restricting the

26   communication or use of Confidential Material shall continue to be binding after the conclusion

27   of this action, unless otherwise agreed in writing by all the parties or ordered by the Court.  Upon

28   conclusion of the litigation, including the running of any time to appeal or to move for relief

under Fed. R. Civ. P. 60(B)(1)-(3), a party in possession of Confidential Material, other than that which is contained in pleadings, correspondence, attorney files, and deposition transcripts, shall either (a) return such documents, no later than 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or, upon consent of the Designating Party, (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed.

18. ***Use of Confidential Material During Court Proceedings.*** If any Confidential Material is used in any Court pretrial proceeding in this litigation (including, but not limited to, conferences, oral arguments, and hearings), the Confidential Material shall not lose its status as Confidential Material through such use. The parties shall take all steps reasonably necessary to protect the confidentiality of the Confidential Material during any such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

19. ***Improper Disclosure of Confidential Materials.*** If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

20. **No Admissions.** Compliance with this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret.

21. **Modification of Protective Order.** Each party reserves the right to request that the Court modify the terms of this Protective Order in the event that the party believes that a modification is necessary. If such an application is made, all signatories of copies of the Certification, as well as persons described herein, shall remain bound by this Protective Order unless and until it is modified by the Court.

**SO STIPULATED**:

DATED: May 25, 2007

SILICON IMAGE, INC.                        ANALOGIX SEMICONDUCTOR, INC.


By  /s/J. David Hadden                      By  /s/Luann L Simmons
_____                   _____
     J. David Hadden                             Luann L. Simmons

J. DAVID HADDEN (CSB No. 176148)            DARIN W. SNYDER (CSB No. 136003)
  dhadden@fenwick.com                         dsnyder@omm.com
SAINA S. SHAMILOV (CSB No. 215636)          RYAN J. PADDEN (CSB No. 204515)
  sshamilov@fenwick.com                       rpadden@omm.com
RYAN A. TYZ (CSB No. 234895)                LUANN L. SIMMONS (CSB No. 203526)
  rtyz@fenwick.com                            lsimmons@omm.com
FENWICK & WEST LLP                          O'MELVENY & MYERS LLP
Silicon Valley Center,                      Embarcadero Center West
801 California Street                       275 Battery Street
Mountain View, CA 94041                     San Francisco, CA 94111-3305
Telephone: (650) 988-8500                   Telephone: (415) 984-8700
Facsimile: (650) 938-5200                   Facsimile: (415) 984-8701

JEDEDIAH WAKEFIELD (CSB No. 178058)
  jwakefield@fenwick.com
DAVID D. SCHUMANN (CSB No. 223936)
  dschumann@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

**IT IS SO ORDERED.**

Dated: __May 29, 2007_____          _____
                                          Judge Joseph C. Spero
                                          United States Magistrate Judge

1

**EXHIBIT A**

2

3                     IN THE UNITED STATES DISTRICT COURT

4                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6   SILICON IMAGE, INC., a Delaware          Case No. C 07-00635 JCS
    corporation,
7
                       Plaintiff,
8
            v.
9
    ANALOGIX SEMICONDUCTOR, INC.,
10  a Delaware corporation,
11                     Defendant.
12

13          **CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

14          I, the undersigned, hereby acknowledge that I have read the Stipulated Protective Order in

15  this case, understand its terms, agree to be bound by them, and consent to the jurisdiction of the

16  United States District Court for the Northern District of California to enforce them.

17  I acknowledge that I will treat any Confidential Material I receive in this action strictly according

18  to the terms of the Protective Order, and I understand that any unauthorized use of the

19  Confidential Material I receive constitutes contempt of court.

20

21  Dated: _____          _____

22

23

24

25

26

27

28

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SILICON IMAGE, INC., a Delaware corporation,

              Plaintiff,

    v.

ANALOGIX SEMICONDUCTOR, INC., a Delaware corporation,

              Defendant.

Case No. C 07-00635 JCS

**NONDISCLOSURE AGREEMENT**
**(FOR UNDERTAKING BY MOCK JURORS OR FOCUS GROUP MEMBERS)**

I hereby acknowledge that in the course of my activities in this case, I may receive confidential research, development, commercial, financial, marketing, or technical information; that such information is normally kept secret from the public at large, from the parties' competitors, and even from many or most employees of the party that owns that information; and that the disclosure of such information would likely harm the competitive position of the party that owns that information.

I hereby agree that any unauthorized use or disclosure of the Confidential Material I receive constitutes contempt of court, and shall be punishable as such; that I will exercise due and proper care in connection with the storage, custody, and use of such material; and that, at the conclusion of my activities in this case, I will promptly return all information that I have received from any party to this case or their attorney.

I hereby consent to the jurisdiction of the United States District Court for the Northern District of California to enforce this Agreement.

Dated: _____      _____

1

## DECLARATION PURSUANT TO GENERAL ORDER 45, § X.B

2    I, J. David Hadden, hereby declare pursuant to General Order 45, § X.B, that I have

3 obtained the concurrence in the filing of this document from the other signatory listed above.

4    I declare under penalty of perjury that the foregoing declaration is true and correct.

5    Executed May 25, 2007 at Mountain View, California.

6             FENWICK & WEST LLP

7

8             By: /s/ J. David Hadden

9                   J. David Hadden

10           J. DAVID HADDEN (CSB No. 176148)
            dhadden@fenwick.com

11          SAINA S. SHAMILOV (CSB No. 215636)
            sshamilov@fenwick.com

12          RYAN A. TYZ (CSB No. 234895)
            rtyz@fenwick.com

13          FENWICK & WEST LLP
          Silicon Valley Center, 801 California Street

14          Mountain View, CA 94041
          Telephone: (650) 988-8500

15          Facsimile: (650) 938-5200

16          JEDEDIAH WAKEFIELD (CSB No. 178058)
            jwakefield@fenwick.com

17          DAVID D. SCHUMANN (CSB No. 223936)
            dschumann@fenwick.com

18          FENWICK & WEST LLP
          555 California Street, Suite 1200

19          San Francisco, CA 94104
          Telephone: (415) 875-2300

20          Facsimile: (415) 281-1350

21          Attorneys for Plaintiff
          SILICON IMAGE, INC.

22

23

24

25

26

27

28